Tagged Opinion



ORDERED in the Southern District of Florida on August 06, 2009.

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                 CASE NO.:07-11010-BKC-PGH

Ernest W. Willis,                      Chapter 7

        Debtor.
_____/

Deborah C. Menotte,                    ADVERSARY NO:08-01383-PGH

        Plaintiff,

v.

Ernest W. Willis,

        Defendant.
_____/


**MEMORANDUM ORDER GRANTING RELIEF SOUGHT IN TRUSTEE'S VERIFIED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR ACCOUNTING**

      **THIS MATTER** came before the Court for trial on December 3,

2008 upon Deborah C. Menotte's ("Trustee") *Verified Complaint for Injunctive Relief and for Accounting* ("Complaint") filed on June 12, 2008. The Trustee's Complaint asserts two counts. Count one seeks an entry of a permanent injunction, and count two seeks turnover and accounting of non-exempt IRA funds.

## PROCEDURAL BACKGROUND

On June 12, 2008, the Trustee filed an *Emergency Verified Motion for Entry of Temporary Restraining Order and Preliminary Injunction and Request for a Preliminary Injunction Hearing*. (D.E. 2.) On June 27, 2008, the Court entered an *Agreed Order Granting Emergency Verified Motion of Chapter 7 Trustee for Entry of Temporary Restraining Order and Preliminary Injunction* ("Agreed Order Granting TRO"). On October 24, 2008, the Court entered a *Consolidated Pretrial Order on Objection to Exemptions and Amended Exemptions by Red Reef, Inc. and Trustee, Deborah C. Menotte and Verified Complaint for Injunctive Relief and for Accounting*.

On August 6, 2009, the Court entered a *Memorandum Order Sustaining in Part and Overruling in Part Trustee and Creditor's Objections to Debtor's Claimed Exemptions* in the main case ("Order"). *In re Willis*, No. 07-11010. The Order sustained the Trustee and Red Reef, Inc.'s ("Creditor") objections to Ernest W. Willis' ("Debtor" or "Mr. Willis") claimed exemptions in the full value of a Merrill Lynch IRA, the full value of an AmTrust IRA, and

$60,000 in a Fidelity IRA (collectively, the "IRAs").

## FINDINGS OF FACT

The Court herein adopts the findings of fact and conclusions of law in the Order. In addition, the Court makes the following material findings. The record indicates that Mr. Willis withdrew IRA funds post-petition. Specifically, Mr. Willis testified at his deposition on May 24, 2007 that he withdrew "probably ten or $15,000" from the Merrill Lynch IRA post-petition for "living expenses." (Willis' Dep. 48, May 24, 2007.) Also, at a hearing on June 9, 2008, Mr. Willis' counsel stated the following with regard to the Merrill Lynch IRA:

> "Judge, I believe the account is being used. Mr. Willis being counseled that to the extent he takes any of that, he's going to have to make it up from his homestead when he has to refinance or something."

(Hr'g Tr. 10, June 9, 2008; D.E. 11.)

At trial, when the Trustee's counsel asked Mr. Willis whether he withdrew any additional funds from the IRAs post-petition, Mr. Willis stated, "I have had a mandatory requirement to take out $60,000 plus in 2007 and $60,000 plus in 2008. I haven't taken all of 2008 out yet." (Trial Tr. vol. 1, 40.) The Trustee's counsel then asked, "So how much approximately do you think you've actually withdrawn as of today?" *Id.* Mr. Willis replied, "Maybe a hundred-ten thousand." *Id.* At trial, Mr. Willis' counsel conceded that to

the extent the objections are sustained, an injunction would be appropriate. In particular, when the Court noted that the injunction would likely continue if the objections were sustained, Mr. Willis' counsel stated, "If you rule for the creditors, . . . the simple answer, yes, of course." (Trial Tr. vol. 3, 145.)

The record also indicates that Mr. Willis has neither turned over, nor provided, an accounting of funds withdrawn from the IRAs post-petition. Mr. Willis, however, conceded that if the Court finds that the funds in the IRAs are not exempt, turnover and accounting would be appropriate. Mr. Willis' counsel stated at trial, "We've conceded on the record that if your Honor finds that the IRA is not exempt, that Mr. Willis will have to account for the use of funds post-petition, and repay them." *Id.* The Agreed Order Granting TRO states, *inter alia*, that:

> Upon the entry of an Order sustaining the objections by the Trustee and/or Red Reef, Inc. to the Debtor's claimed exemptions in the IRA Accounts . . . the Debtor and Sunday Willis shall execute a standard FHA mortgage on the Debtor's Homestead . . . in favor of the Trustee, payable no later than six months from the disposition of this matter on appeal after an adverse ruling against the Debtor, in the amount of all funds removed from the IRA Accounts post-petition . . . .

On June 29, 2009, the Court entered an *Order Granting Motion to Modify Preliminary Injunction* ("Order Modifying Preliminary Injunction"), which authorized Mr. Willis to refinance his homestead, and provides that "[t]he closing agent is directed to turnover all net proceeds to Deborah C Menotte, Trustee, which net

proceeds shall be approximately $315,000.00" and "[a]ll future disbursements from the IRA Accounts shall be placed into the escrow account . . . pending further order of this Court or the agreement of the Trustee and Mr. Willis."

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding pursuant to § 157(b)(2)(A) and (E).

## I.    Count One - Permanent Injunction

In count one, the trustee moves for a permanent injunction pursuant to § 105 in enjoining Mr. Willis and his agents, including his banks and financial institutions, from directly or indirectly transferring, receiving, pledging, assigning, liquidating, spending, encumbering or otherwise disposing of any funds and assets in Mr. Willis' IRAs.

Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A permanent injunction under § 105 is warranted if the Trustee meets her burden of establishing the traditional elements for issuance of a permanent injunction. *See Commonwealth Oil Ref. Co., Inc. v. U. S. Envtl. Prot. Agency (In re Commonwealth Oil Refining Co., Inc.),*

805 F.2d 1175, 1188-89 (5th Cir. 1986), *cert. denied*, 483 U.S. 1005 (1987); *Altman v. Davis & Dingle Family Dentistry (In re EZ Pay Servs., Inc.)*, 389 B.R. 751, 756 (Bankr. M.D. Fla. 2007) ("It is well-established that the power to issue 'any order' under § 105(a) includes the power to enter injunctions that are necessary to carry out the provisions of the Bankruptcy Code."); *Whitaker v. Interstate Commerce Comm'n (In re Olympia Holding Corp.)*, 161 B.R. 524, 528 (M.D. Fla. 1993)("Stays under section 105 are granted 'only under the usual rules for issuance of an injunction'" (*citing Hunt v. Commodity Futures Trading Comm'n (In re Hunt)*, 93 B.R. 484, 492 (Bankr. N.D. Tex. 1998))).

"According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* (citations omitted); *Norfolk S. Ry. Co. v. Alabama Dep't of Revenue*, 550 F.3d 1306, 1312 n.10 (11th Cir. 2008).

### A.    Irreparable Injury and Inadequate Remedy at Law

"An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'" *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)(*quoting Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)).  Crucial to a showing of irreparable injury is the unavailability or at least inadequacy of legal remedies.  *Fellerman & Cohen Realty Corp. v. Clinical Plus Inc. (In re Hirschhorn)* 156 B.R. 379, 390 (Bankr. E.D.N.Y. 1993)(citations omitted).

Mr. Willis admits to withdrawing IRA funds post-petition. Specifically, Mr. Willis testified that as of May 24, 2007, he had withdrawn "probably ten or $15,000" from the Merrill Lynch IRA post-petition.  (Willis' Dep. 48.)  At the June 9, 2008 hearing, Mr. Willis' counsel informed the Court that Mr. Willis had continued to withdraw Merrill Lynch IRA funds.  At trial, on December 3, 2008, when Mr. Willis was asked whether he received funds from the IRAs post-petition, Mr. Willis answered, "I have had a mandatory requirement to take out $60,000 plus in 2007 and $60,000 plus in 2008.  I haven't taken all of 2008 out yet." (Trial Tr. vol. 1, 40.)

Evidence presented establishes that Mr. Willis has and continues to dissipate non-exempt IRA funds.  Without a permanent injunction, Mr. Willis might continue to dissipate non-exempt IRA

funds.  Pursuant to the Order Modifying Preliminary Injunction, Mr. Willis will provide the Trustee with $315,000 from the refinancing of homestead property to cover withdrawn non-exempt IRA funds. However, the parties are uncertain as to the amount of non-exempt IRA funds withdrawn.  Moreover, Mr. Willis' ability to repay additional non-exempt IRA funds that may be withdrawn is speculative at best. Thus, the Court finds that without the permanent injunction the Trustee will be left without an adequate remedy at law and will suffer irreparable harm.

**B.    Balance of Hardship Between Plaintiff and Defendant**

"Where plaintiff and defendant present competing claims of injury, the traditional function of equity has been to arrive at a 'nice adjustment and reconciliation' between the competing claims." *Weinberger*, 456 U.S. at 312 (*quoting Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)).  Mr. Willis does not present a competing claim of injury.  Instead, Mr. Willis' counsel conceded at trial that to the extent the Court found the IRAs to be non-exempt, the injunction would continue.  Thus, a balancing of hardships between the parties is unnecessary.

**C.    Public Interest Not Disserved by Permanent Injunction**

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the

extraordinary remedy of injunction." *Id.* The Court concludes that the public interest will not be disserved by granting the Trustee's request for a permanent injunction. Rather, the grant of a permanent injunction will advance the strong public policy that the Trustee administer assets of the bankruptcy estate for the benefit of creditors and interested parties. *See Movitz v. Palmer (In re Palmer)*, 167 B.R. 579, 588-89 (Bankr. D. Ariz. 1994); *Dzikowski v. Tri-O-Clean Sys. (In re Tri-O-Clean, Inc.)*, 230 B.R. 192, 200 (Bankr. S.D. Fla. 1998).

## II.   Count Two - Turnover and Accounting

In count two, pursuant to § 542, the Trustee seeks to require Mr. Willis: 1) to account for any and all funds and/or assets transferred, received, pledged, assigned, liquidated, spent, encumbered, withdrawn or otherwise disposed of from the IRAs post-petition; 2) to account for the disposition of any and all funds and/or assets from the IRAs post-petition, including but not limited to a list of all property purchased and/or services paid from any and all post-petition withdrawals or transfers of funds from the IRAs; and 3) to turnover funds removed from the IRAs post-petition to the Trustee.

"Section 542 of the Bankruptcy Code requires, with certain exceptions, that any entity holding property of the estate deliver such property, or the value of such property, to the trustee."

9

*Henkel v. Frese (In re Newgent Golf, Inc.)*, 402 B.R. 424, 435 (Bankr. M.D. Fla. 2009). "[T]he Trustee must demonstrate that the property at issue is part of the bankruptcy estate." *Krol v. Crosby (In re Mason)*, 386 B.R. 715, 721 (Bankr. N.D. Ill. 2008). Pursuant to the Order, all funds in the Merrill Lynch IRA and the AmTrust IRA, and $60,000 in the Fidelity IRA are not exempt and thus, property of the estate subject to turnover under § 542(a). Furthermore, Mr. Willis' counsel conceded that to the extent the Court determines the funds in the IRAs to be non-exempt "Mr. Willis will have to account for the use of funds post-petition, and repay them." (Trial Tr. vol. 3, 145.) Therefore, the Court finds that Mr. Willis is required to turnover and account for non-exempt funds withdrawn from the IRAs within ten days of the date of this order.

## CONCLUSION

For the reasons stated above, the Court grants the Trustee's request for a permanent injunction as to all funds in the Merrill Lynch IRA, all funds in the AmTrust IRA, and $60,000 in the Fidelity IRA. The Court likewise grants the Trustee's request for turnover and accounting as to such funds.

## ORDER

The Court, having considered the evidence presented at trial, the testimony of the witnesses, the argument of counsel, the

applicable law, the submissions of the parties, and being otherwise
fully advised in the premises, hereby

   **ORDERS AND ADJUDGES** that:

1.   The Trustee's request for a permanent injunction is **GRANTED.**

   a.   Mr. Willis and his agents, including his banks and financial institutions, are enjoined from directly or indirectly transferring, receiving, pledging, assigning, liquidating, spending, encumbering or otherwise disposing of any funds and assets in Mr. Willis' Merrill Lynch IRA and AmTrust IRA, and $60,000 in funds and/or assets in the Fidelity IRA.

2.   Mr. Willis is required to turnover to the Trustee non-exempt funds removed from the IRAs post-petition within ten days of the date of this order.

3.   Mr. Willis must provide the Trustee within ten days of the date of this order a detailed, sworn accounting setting forth and listing:

   a.   Any and all non-exempt funds and/or assets transferred, received, pledged, assigned, liquidated, spent, encumbered, withdrawn or otherwise disposed of from the IRAs post-petition; and

   b.   The disposition of any and all non-exempt funds and/or assets from the IRAs post-petition, including but not limited to a list of all property purchased and/or services paid from any and all post-petition withdrawals or transfers of non-exempt funds from the IRAs.

4.   Pursuant to Federal Rules of Bankruptcy Procedure 9021, a separate final judgment shall be entered by the Court contemporaneously herewith.

                                    ###

Copies furnished to:

Kevin C. Gleason, Esq
4121 N 31 Ave
Hollywood, FL 33021

11

Heather L. Ries, Esq.
222 Lakeview Ave # 1330
West Palm Beach, FL 33401

Heather L. Ries is directed to serve a copy of this order on all
unlisted parties and to file a certificate of service with the
Court.

AUST